# Exhibit 2



EXHIBIT 2
9-2-15 KB

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | Case No. 13-7884 (AT) |
| Plaintiff, | |
| v. | |
| DONALD R. WILSON AND DRW INVESTMENTS, LLC, | |
| Defendants. | |

### ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE

I hereby acknowledge that I have: been given a copy of the Stipulated Protective Order dated ___July 29___, 2014, in the above-captioned case; read the Stipulated Protective Order; and agree to be bound by it. I further understand and agree that I shall not disclose Confidential or Highly Confidential information or documents to others, except in accordance with the Stipulated Protective Order. I further understand and agree that my obligation to honor the confidentiality of such Confidential or Highly Confidential information or documents will continue even after the termination of this litigation. I further understand and agree that, in the event that I violate the terms of the Stipulated Protective Order, I will be subject to sanctions, including but not limited to sanctions by way of contempt of court. I further

understand and agree to submit myself to the personal jurisdiction of this Court for matters pertaining to this acknowledgment and declaration.

**If executed within the United States, its territories, possessions or commonwealths:**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on this __13__ day of __April__, __2015__ at __Washington, DC__ by __Jeffrey H. Harris__ Signed: _____
Name: __Jeffrey H. Harris__
Title: __Professor__
On Behalf of: _____

**If executed outside of the United States:**

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ____ day of _____, ____ at _____ by _____ Signed: _____
Name: _____
Title: _____
On Behalf of: _____

18

# Exhibit 3



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES COMMODITIES FUTURES TRADING COMMISSION, | Civil Action No.: 13 civ 7884 |
| Plaintiff, | |
| -against- | ECF CASE |
| DONALD R. WILSON AND DRW INVESTMENTS, LLC, | |
| Defendants. | |

**EXPERT REPORT OF JEFFREY H. HARRIS, Ph.D.**

**JULY 27, 2015**

## TABLE OF CONTENTS

I. ASSIGNMENT ............................................................................................................1
II. SUMMARY OF OPINIONS ......................................................................................2
III. QUALIFICATIONS AND COMPENSATION .........................................................4
   A. Summary of Qualifications ..............................................................................4
   B. Compensation ..................................................................................................6
IV. DOCUMENTS AND MATERIALS CONSIDERED ...............................................6
V. BACKGROUND OF THE LITIGATION .................................................................7
VI. OVERVIEW OF OTC INTEREST RATE SWAPS, INTEREST RATE SWAP
    FUTURES CONTRACTS, AND CENTRAL CLEARING .......................................9
   A. OTC Interest Rate Swaps .................................................................................9
   B. Interest Rate Swap Futures Contracts ............................................................11
   C. Central Clearing of Interest Rate Swap Futures Contracts ............................11
VII. THE VALUE OF THE THREE MONTH CONTRACT DIFFERS FROM AN
     OTC INTEREST RATE SWAP DUE TO THE EXCHANGE OF VARIATION
     MARGINS BUT IDCH CHOSE NOT TO ACCOUNT FOR THIS WHEN IT
     DESIGNED THE THREE MONTH CONTRACT ................................................14
   A. The Exchange of Variation Margins Generates a Net Present Value
      Effect ..............................................................................................................17
   B. The Exchange of Variation Margins Also Generates a Convexity Effect .........18
   C. IDCH Recognized the Presence of the NPV and Convexity Effects in its
      Pricing ............................................................................................................23
   D. The Corresponding Rates Are an Inaccurate Reference to Use to Settle
      the Three Month Contract Because, as a Result of the NPV and
      Convexity Effects, They Do Not Reflect Supply or Demand for the
      Three Month Contract ....................................................................................23
VIII. VALUATION OF THE THREE MONTH CONTRACT AND ESTIMATION
      OF THE NPV AND CONVEXITY EFFECTS UNDER THE HULL-WHITE
      ONE FACTOR MODEL ..........................................................................................25
   A. Review of Valuation Framework ...................................................................25
   B. Valuation under the Hull-White One-Factor Model Applied to
      Swaptions .......................................................................................................26
      1. Assumptions and Data Inputs ............................................................26
      2. Pricing and Calibration ......................................................................27

|     |     | 3. Summary of Findings | 28 |
| --- | --- | --- | --- |
|     | C.  | Valuation under the Hull-White Model Applied to Eurodollar Futures | 28 |
|     |     | 1. Pricing and Calibration | 29 |
|     |     | 2. Summary of Findings | 29 |
|     | D.  | Results from Valuation Analyses Corroborate the Results and Methodology of Cont *et al.* (2011) | 30 |
| IX. | DRW'S BIDS ON THE THREE MONTH CONTRACT WERE PLACED AT HIGHER RATES THAN THOSE ON A NON-CLEARED SWAP REFLECTING THE VALUE OF THE NPV AND CONVEXITY EFFECTS | | 30 |
|     | A.  | DRW's Bids Were Placed throughout the Trading Day and Remained Opened for Trading | 31 |
|     | B.  | DRW Accounted for the NPV and Convexity Effects by Placing Bids at Rates Higher than the Corresponding Rates and Closer to All Legitimate Estimates of the Fair Value of the Three Month Contract | 31 |
| X.  | WHETHER OR NOT A COUNTERPARTY HIT THEM, DRW'S BIDS WERE INVALUABLE FOR, AND A LEGITIMATE SOURCE OF PRICE DISCOVERY | | 32 |
|     | A.  | DRW's Bids Contributed to Price Discovery Because They Incorporated Relevant Information into the Market | 33 |
|     | B.  | Regulators Should and Do Promote Price Discovery | 35 |
|     | C.  | Clearinghouses Also Promote Price Discovery and Recognize it as a Legitimate Economic Reason to Post Bids or Offers | 39 |
|     | D.  | IDCH's Actions Indicate DRW's Bids Enhanced Price Discovery | 43 |
| XI. | THERE IS NO BASIS FOR ALLEGING THAT DRW MANIPULATED MARKET PRICES OR MADE AN ILLICIT PROFIT | | 44 |
|     | A.  | DRW's Bids Were Consistent with Economic and Financial Theory and Thus DRW Would Have Wanted to Transact at the Prices it Bid | 44 |
|     | B.  | DRW's Bids Reflected a Willingness and Desire to Trade | 47 |
|     | C.  | DRW's Bids Provided Market Liquidity and Contributed to Price Discovery | 49 |
|     | D.  | DRW's Profit Is a Result of a Trading Strategy Based on the Assessment of the Fair Economic Value of the Three Month Contract and Not a Result of its Electronically Submitted Bids | 50 |
| XII. | ANALYSIS OF MR. MACLAVERTY'S REPORT | | 52 |
|     | A.  | Mr. MacLaverty's Assumptions Regarding Settlement Prices Are Without a Factual Basis | 53 |

    B.   Mr. MacLaverty's Statements that DRW's Bids Reflected Artificial Prices Are Wrong and Unsupported .................................................................54

        1.   No Justification for Finding Artificial Prices............................................... 55

        2.   Failure to Understand DRW's Bids .............................................................. 56

    C.   Mr. MacLaverty Fails to Support his Arguments with Reliable Empirical Analysis..................................................................................................57

    D.   Mr. MacLaverty's Statements Regarding "Potential" Convexity Effect Are Incorrect and Unsupported .................................................................57

    E.   Mr. MacLaverty's Statements Regarding Price Discovery Are Wrong and Unsubstantiated ..........................................................................................60

XIII. CONCLUSIONS.....................................................................................................................60

I.  **ASSIGNMENT**

1. I understand that the Plaintiff, U.S. Commodity Futures Trading Commission ("CFTC"), has alleged that Defendants, Donald R. Wilson, Jr. and DRW Investments, LLC ("DRW"),[1] illegally placed orders for a futures contract known as the IDEX USD Three-Month Interest Rate Swap Futures Contract (the "Three Month Contract")[2] to influence settlement prices[3] in their favor, thereby increasing the value of their portfolio and illicitly gaining a profit at the expense of their trading counterparties.[4]

2. I have been retained by Kobre & Kim, LLP, counsel for Defendants, to assess whether DRW's bids reflected legitimate supply or demand for the Three Month Contract, whether the Three Month Contract's settlement price prior to the bids at issue reflected legitimate supply or demand for the Three Month Contract, and whether DRW's profits on the Three Month Contract were impacted by the at issue bids. In addition, I have been asked to review and respond to certain opinions expressed by CFTC's expert, Mr. Robert M. MacLaverty, in his report (the "MacLaverty Report") filed in connection with the current matter.[5]

3. More specifically, I have been asked to:

---

[1] In this report, I use the term "DRW" for the entity DRW Investments, LLC unless noted otherwise.

[2] Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties under the Commodity Exchange Act in *United States Commodity Futures Trading Commission v. Donald R. Wilson and DRW Investments, LLC*, November 6, 2013 (hereinafter the "Complaint"), ¶2.

[3] The "price" of the Three Month Contract is expressed as the interest "rate" of the fixed leg portion of the swap (See Complaint ¶2 and Rules of International Derivatives Clearinghouse, LLC, As of September 1, 2010, IDCG0010640, p. 99 (hereinafter "IDCH Rulebook")). In my report, I use the terms "price" and "rate" interchangeably depending on the context to facilitate the comparison between the Three Month Contract and non-cleared over-the-counter interest rate swaps, which are quoted in rates.

[4] Complaint ¶1.

[5] Expert Report of Robert M. MacLaverty, Prepared at the Request of Plaintiff United States Commodity Futures Trading Commission in *United States Commodity Futures Trading Commission v. Donald R. Wilson and DRW Investments, LLC*, June 19, 2015.