Skadden, Arps, Slate, Meagher & Flom llp
FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

January 12, 2016

VIA ECF AND EMAIL
The Honorable Analisa Torres
United States District Court, Southern
District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, NY 10007-1312

   RE: *U.S. Commodity Futures Trading Commission v. Donald R. Wilson, Jr. & DRW Investments, LLC,* No. 13-7884 (AT/KF)

Dear Judge Torres:

  On behalf of CME Group Inc.; Commodity Markets Council; Futures Industry Association, Inc.; Intercontinental Exchange, Inc.; and Managed Funds Association, we submit this letter, in accordance with Rules I.A., I.E. and III.A. of Your Honor's Individual Practices in Civil Cases, to respectfully request leave to move to file a brief as *amici curiae* in the above-captioned case. In accordance with Rule III.A.i. of Your Honor's Individual Practices in Civil Cases, if the Court deems it appropriate we are available to participate in a pre-motion conference either in person or by telephone.

  Defendants Donald R. Wilson, Jr. and DRW Investments, LLC have consented to the proposed filing of a brief as *amici curiae*. The Commodity Futures Trading Commission ("CFTC") does not consent.

Hon. Analisa Torres
January 12, 2016
Page 2

### I. Interests Of The *Amici*

Each of the *amici* plays a vital role in the futures and derivatives industry and represents the interests of futures exchanges, clearing houses, futures brokerage firms, and major futures market participants subject to regulation by the CFTC.

The CFTC has alleged that defendants manipulated and attempted to manipulate the price of a commodity in violation of the Commodity Exchange Act, and the CFTC has filed a motion for partial summary judgment on its attempted manipulation claims. In its brief, the CFTC asks this Court to adopt a new legal standard for intent in attempted manipulation cases that, in the opinion of the *amici*, departs from decades of settled law. The CFTC argues it need only prove "an intent to affect price" and not that the price was intended to be artificial. The *amici* respectfully submit that the Court should instead follow the well-established legal standard for attempted price manipulation, under which the CFTC must prove that a defendant specifically intended to create an artificial price.

The *amici* believe that the CFTC's position is contrary to law and will bring adverse policy consequences. They propose only to address this issue and express no view on any other issues or aspects of this case.

### II. Argument

A district court has broad discretion to decide whether to accept an *amicus curiae* brief. *See, e.g.*, *City of New York v. United States*, 971 F. Supp. 789, 799 n.3 (S.D.N.Y. 1997); *see also Ass'n of Proprietary Colleges v. Duncan*, No. 14-CV-8838 LAK, 2015 WL 1649146, at *1 (S.D.N.Y. Apr. 8, 2015). In deciding a motion for leave to file an *amicus* brief, the Court should consider whether the interests of the *amici* are adequately represented. *See Village of Westfield, N.Y. v. Welch's*, 170 F.3d 116, 123 (2d Cir. 1999). The Court may also consider whether "the *amicus* has unique information or perspective that can help the court." *C & A Carbone, Inc. v. Cty. of Rockland, NY*, No. 08-CV-6459-ER, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014).

Unless the Court grants the *amici* leave to file a brief, their interests will not be adequately represented, as neither the *amici* nor similarly situated entities are a party to the proceeding. The *amici* represent futures exchanges, clearing houses, futures brokerage firms, and futures market participants, and therefore offer a useful and pertinent perspective to the instant case. Furthermore, a ruling from the Court on the standard for attempted price manipulation may have policy implications that significantly affect the daily business activities of the *amici*, their constituent

members, and their customers.  It is therefore appropriate and helpful that the Court have before it the proposed *amici curiae* brief to explain the interests of the *amici*.

### III.     Conclusion

For the forgoing reasons, the *amici* respectfully request leave to move to file a brief as *amici curiae* in the above-captioned case.  In the interests of efficiency, and in the event the Court deemed it appropriate to accept the motion or the proposed brief without further delay, enclosed with this letter under Exhibit A are copies of (1) the proposed notice of motion for leave to file brief as *amici curiae*, (2) a declaration in support of that motion, and (3) a proposed memorandum of the *amici* in support of their motion.  The proposed *amici curiae* brief is enclosed as Exhibit 1 to the declaration.

Respectfully submitted,

/s/ Boris Bershteyn
Boris Bershteyn
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3834
boris.bershteyn@skadden.com

*Attorneys for Amici Curiae CME Group Inc.; Commodity Markets Council; Futures Industry Association, Inc.; Intercontinental Exchange, Inc.; and Managed Funds Association.*

*Enclosures*
cc:     Counsel of Record