UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>DONALD R. WILSON AND DRW INVESTMENTS, LLC,<br><br>        Defendants. | 13-7884 (RJS) |

**PLAINTIFF UNITED STATES COMMODITY FUTURES TRADING COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE ARGUMENT AND EVIDENCE, INCLUDING TESTIMONY, THAT IS CONTRARY TO THE LAW OF THE CASE**

        U.S. Commodity Futures Trading
          Commission
        Division of Enforcement
        1155 21st St., N.W.
        Washington, DC 20581
        (202) 418-5400 (telephone)
        (202) 418-5523 (facsimile)

        **ATTORNEYS FOR PLAINTIFF COMMODITY FUTURES TRADING COMMISSION**

Pursuant to the Federal Rules of Evidence and this Court's inherent power to control the presentation of evidence at trial, Plaintiff U.S. Commodity Futures Trading Commission (the "Commission"), respectfully submits the following Memorandum in Support of its Motion *In Limine* No. 1 to Exclude Argument and Evidence, Including Testimony, that is Contrary to the Law of the Case.

For three years, defendants have advanced a hodge-podge of unsupported legal arguments and defenses, most of which have been rejected by the Court in earlier stages of litigation.  Under the Law of the Case Doctrine, the Court's Opinions rejecting those legal claims prohibit defendants from relitigating them at trial.  Accordingly, any argument and evidence that contradicts the Court's findings is irrelevant to any triable legal issue, and therefore inadmissible under Federal Rule of Evidence 402.  Furthermore, such argument and evidence would create undue delay, waste the Court's time, confuse the issues, and be unfairly prejudicial to the Commission, and thus should be excluded under Federal Rule of Evidence 403.

## BACKGROUND

On November 6, 2013, the Commission filed a Complaint against defendants for attempted and perfected manipulation under Sections 6(c) and 9(a)(2) of the Commodity Exchange Act, 7 U.S.C. §§ 9 and 13(a)(2) (2006 & Supp. IV) (the "Act").  Compl., ECF No. 1.

### I. Defendants' Motion to Dismiss

On January 17, 2014, defendants moved to dismiss the Complaint under Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, in which they advanced the following arguments:

- Defendants' due process rights were violated because the Commission did not provide them with adequate notice that their conduct was unlawful.  Mem. of Law in Support of Defs.' Consolidated Mot. to Dismiss or Transfer Venue ("Defs.' Mot. to Dismiss Mem.") at 18-19, ECF No. 33.

2

- The Complaint failed to allege fraud or misrepresentation, and therefore did not state a claim for manipulation under the Act. *Id*. at 17-18.
- The Commission could not prove the fourth element of a manipulation claim—that DRW caused artificial prices. *Id*. at 16-17. Defendants claimed that only if DRW's orders "automatically" moved the settlement prices of the Three-Month Contract could its conduct have been the proximate cause of the artificial prices. *Id*.

On June 26, 2014, the Court denied defendants' motion to dismiss in its entirety, finding that, among other things, the Commission had pleaded allegations sufficient to establish each element of attempted and perfected manipulation. *CFTC v. Wilson*, 27 F. Supp. 3d 517, 532-35 (S.D.N.Y. 2014) ("*Wilson I*"). The Court swiftly dispensed with defendants' aforementioned legal arguments, holding as follows:

- The Commission did not violate defendants' due process rights. *Id*. at 536 (finding that the Commission's claims "are not based on a novel interpretation of manipulation and are consistent with other manipulation claims that have been recognized under the CEA").
- Fraud is not a necessary element of market manipulation or attempted manipulation. *Id*. at 532.
- Defendants cited the incorrect legal standard for alleging causation. *Id*. at 535 ("Defendants argue that unless their orders 'automatically moved the settlement prices,' they cannot be said to have caused artificial prices. This is not what is required.") (citations omitted).

## II. Defendants' Motion for Summary Judgment

On November 23, 2014, defendants moved for summary judgment. Mem. of Law in Support of Defs.' Mot. for Summ. J. ("Defs' Mot. for Summ. J."), ECF No. 112. Hoping for a second bite at the apple, their opening memorandum repeated two of the legal arguments that this Court expressly rejected in *Wilson I*:

- Defendants' due process rights were violated because the Commission did not provide them with adequate notice that their conduct was unlawful. *Id*. at 46-48.
- Defendants did not "automatically" move the settlement prices of the Three-Month Contract. *Id*. at 41-42. Defendants claimed that International Derivatives Clearinghouse, LLC's ("IDCH") decision to incorporate DRW's bids into its

3

settlement prices was a "superseding cause" of the artificial prices, which broke the legal chain of proximate cause. *Id*.

In addition, defendants raised another inviable defense:

- The Three-Month Contract was an "excluded" commodity under former Section 2(d)(2) of the Act, and that any manipulative conduct was therefore shielded from the Commission's enforcement authority. *Id*. at 49-50.

On September 30, 2016, the Court denied both parties' summary judgment motions. *CFTC v. Wilson*, No. 13 Civ. 7884, at 29 (Memorandum and Order) (S.D.N.Y. Sept. 30, 2016), ECF No. 139 ("*Wilson II*"). Appropriately, the Court rejected defendants' attempt to relitigate previously resolved legal issues. Once again, the Court found that defendants had applied the incorrect legal standard regarding causation, reiterating that the Commission need only prove that defendants "contributed to the price [movement]" of the Three-Month Contract, not that DRW's bids "automatically" moved the settlement prices. *Id*. (noting that IDCH's incorporation of DRW's bids into the IDEX Curve was "so predictable that a DRW employee concluded in an internal e-mail that the IDEX Curve was 'DRW defined.'"). The Court also summarily rejected—for the second time—defendants' due process defense. *Id*. at 28 ("Insofar as defendants argue that they lacked adequate notice regarding the illegality of market manipulation, the Court rejects this argument because it is applying well-settled legal principles.").

Finally, the Court found that the Act's prohibition on market manipulation applies to DRW's transactions in the Three-Month Contract, which were not principal-to-principal transactions. *Id*. at 30-31. The transactions involving the Three-Month Contract involved a futures contract traded on an exchange under the CFTC's jurisdiction. *Id*. at 31. Consequently, the Commission has enforcement authority over DRW's manipulative conduct.

4

**ARGUMENT**

A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*. *See Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984)).  The purpose of a motion *in limine* is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Id.* (internal quotations omitted).

Given defendants' history of relitigating legal issues, the Commission anticipates that they will seek to introduce at trial argument and evidence in support of these settled questions of law.  Any such argument and evidence should be excluded because it would (1) be against the Law of the Case; (2) create undue delay and waste the Court's time; (3) tend to confuse the triable issues pending before this Court; and (4) be unfairly prejudicial to the Commission.

**I.      Law of the Case Doctrine**

Under the Law of the Case Doctrine, "a decision on an issue of law becomes binding precedent in subsequent stages of the same litigation." *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 315 (S.D.N.Y. 2015), *aff'd*, 626 F. App'x 20 (2d Cir. 2015) (internal quotation marks and citations omitted).  A court should be "loathe to revisit an earlier decision in the absence of extraordinary circumstances[.]" *Id.* at 315-16; *see also United States v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011) (internal quotation marks and citation omitted) (noting that as "a general matter . . . [a court should] adhere to its own decision at an earlier stage of the litigation"). Correspondingly, the Law of the Case Doctrine "generally forecloses relitigation of issues expressly or impliedly decided earlier in the proceeding." *In re Initial Pub. Offering Sec. Litig.*, 544 F. Supp. 2d 277, 284 (S.D.N.Y. 2008).  This doctrine continues to apply even if a case is

reassigned during litigation to another judge. *See, e.g.*, *Marfia v. T.C. Ziraat Bankasi NY Branch*, 100 F.3d 243, 251 (2d Cir. 1996).

## II. All Argument and Evidence that is Contrary to the Law of the Case is Irrelevant, and Would Create Undue Delay, Waste the Court's Time, Confuse the Issues, and be Unfairly Prejudicial to the Commission

The Federal Rules of Evidence govern the admissibility of evidence at trial. *M.A.R. v. United States*, No. 09 Civ. 1727 (KBF), 2011 WL 6188726, at *1 (S.D.N.Y. Dec. 12, 2011). Under Federal Rule of Evidence 402, evidence must be relevant to be admissible. *Id.* (citing FED R. EVID. 402); *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007). Evidence is relevant if it "tends to prove a fact that is of consequence to the determination of the action[;] [i]f it does not tend to prove a material fact, it is irrelevant." *Arlio*, 474 F.3d at 52 (explaining that a material fact "is one that would affect the outcome of the suit under the governing law").

Accordingly, courts invoke the Law of the Case Doctrine to grant motions *in limine* and preclude parties from relitigating issues that the Court has already decided. *See, e.g.*, *In re Worldcom, Inc.*, 386 B.R. 496, 505 (S.D.N.Y. 2008) (excluding evidence supporting plaintiff's estimate of damages where issue already "precluded by the Court's prior rulings"); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 284-85 (S.D.N.Y. 1996) (granting motion *in limine* and excluding evidence inconsistent with the court's prior order); *Godard v. Ala. Pilot, Inc.*, No. 06-0267-WS-C, 2007 WL 1266361, at *1 (S.D. Ala. Apr. 26, 2007) (excluding expert opinions as irrelevant to law of the case, and thus inadmissible under Rule 402, because court previously rejected defendant's attempts to apply the principles supported by those opinions).

In addition, Rule 403 grants courts discretion to exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403. Prejudice is "the unfair advantage that results from the capacity of the evidence to persuade by illegitimate means." *U.S. v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982). In applying Rule 403, "the trial judge has broad discretion to weigh the probative value of the evidence against the negative factors." *Gerber v. Computer Assoc. Int'l, Inc.*, 303 F.3d 126, 137 (2d Cir. 2002) (citing *Li v. Canarozzi*, 142 F.3d 83, 88 (2d Cir.1998)).

As discussed above, the Court has already rejected (at least once) four of Defendant's legal arguments. The following findings therefore constitute the Law of the Case:

1. The Commission did not violate defendants' due process rights. *Wilson I*, 27 F. Supp. 3d at 536; *Wilson II*, at 29.

2. The Commission's anti-manipulation authority applies to the Three-Month Contract. *Wilson II*, at 29-31.

3. Fraud is not a necessary element of market manipulation or attempted manipulation. *Wilson I*, 27 F. Supp. 3d at 532.

4. The Commission need only show that defendants contributed to the price movement of the Three-Month Contract, not that DRW's bids "automatically" moved the settlement prices. *Id*. at 535; *Wilson II*, at 28.

These resolved legal issues are no longer "of consequence" in this litigation, and therefore any argument and evidence in support of such issues is inadmissible under Rule 402.[1]

Likewise, the Court should exercise its discretion to exclude such evidence under Rule 403. First, allowing defendants to submit evidence on these resolved legal issues would cause undue delay and waste the Court's time. This case has been pending before the Court for three

---

[1] For example, in support of their rejected due process defense, defendants argued that IDCH, the Commission's Division of Clearing and Intermediary Oversight ("DCIO") and the National Futures Association ("NFA") previously "reviewed" DRW's conduct and did not inform defendants that it was manipulative. *See* Defs.' Mot. for Summ. J. at 47. In reality, none of these parties analyzed DRW's bids under the Act to determine whether they were manipulative. *See, e.g.*, Rule 56.1 Statement, ECF No. 105, Pl.'s Resp. to ¶ D94. In any event, such evidence should be inadmissible at trial because it supports a defense that has already been foreclosed by the Court.

7

years.  In setting a trial date of December 1, 2016, shortly after being reassigned this matter, the Court has shown an interest in its prompt resolution.  In turn, the parties should be limited to introducing evidence that relates directly to the elements of perfected and attempted manipulation and not to relitigating issues already decided by the Court.

Second, the introduction of argument and evidence on questions of law that are not before the Court would be confusing and distracting.  Over the past three years, the Court has given substantial thought to the legal standards governing this case.  Permitting the introduction of argument and evidence that support previously rejected legal theories distracts from the conduct and the legal standards that are relevant to the instant matter.

Finally, introduction of argument and evidence on the issues enumerated above is unfairly prejudicial to the Commission.  This evidence has <u>no</u> probative value because it does not bear on any triable issue.  Defendants' purpose in introducing such evidence would be to seek the reconsideration of settled law that has already been decided in favor of the Commission, and distract the Court from the more circumscribed list of issues in dispute.  Allowing defendants to make an end run on this Court's prior rulings, particularly where the evidence has no relevance to the remaining issues, would be unfairly prejudicial to the Commission.

For these reasons, argument and evidence that is inconsistent with the Law of the Case should be excluded under Rule 403.

## CONCLUSION

For the reasons set forth above, the Commission moves to exclude argument and evidence, including testimony, that is inconsistent with the Law of the Case.

Dated: November 4, 2016           Respectfully Submitted,

/s/ A. Daniel Ullman
A. Daniel Ullman II (*pro hac vice*)
Paul G. Hayeck (*pro hac vice*)
Traci Rodriguez (*pro hac vice*)
Jason Mahoney (*pro hac vice*)
Jonah McCarthy
Lucy C. Hynes (*pro hac vice*)
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st St., N.W.
Washington, DC 20581
(202) 418-5400 (telephone)
(202) 418-5523 (facsimile)
dullman@cftc.gov
phayeck@cftc.gov
trodriguez@cftc.gov
jmahoney@cftc.gov
jmccarthy@cftc.gov
lhynes@cftc.gov

Michael R. Berlowitz
140 Broadway, 19th Floor
New York, NY 10005
(646) 746-9759 (telephone)
(646) 746-9940 (facsimile)
mberlowitz@cftc.gov

**ATTORNEYS FOR PLAINTIFF
COMMODITY FUTURES TRADING COMMISSION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 4, 2016, service of the foregoing document was made on the following parties via ECF:

Michael S. Kim, Esq.
Jonathan Cogan, Esq.
Jason Manning, Esq.
Kelly Karneeb, Esq.
Melanie L. Oxhorn, Esq.
Kelly Spatola, Esq.
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022

Andrew C. Lourie, Esq.
Kobre & Kim LLP
1919 M Street, N.W.
Washington, DC 20036

Attorneys for Defendants

                                                                                /s/ Lucy C. Hynes
                                                                                 Lucy C. Hynes